IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| J. FRANK SCHMIDT & SON CO., | No. 3:19-cv-01016-HZ |
| Plaintiff, | |
| v. | |
| WALNUT CREEK NURSERY, INC. and PAUL HACKETT, | OPINION & ORDER |
| Defendants. | |

Daniel L. Steinberg
Jordan Ramis PC
2 Centerpointe Dr 6th Floor
Lake Oswego, OR 97035

    Attorney for Plaintiff

HERNÁNDEZ, District Judge:

    Plaintiff J. Frank Schmidt & Son Co. brings this action against Defendants Walnut Creek Nursery, Inc. and Paul Hackett, alleging breach of contract, goods sold and delivered, unjust enrichment, and breach of guaranty. Before the Court is Plaintiff's motion for leave to serve

1 – OPINION & ORDER

Defendant Hackett by alternative methods [8]. For the reasons that follow, the motion is denied with leave to renew.

## BACKGROUND

Plaintiff alleges it began selling plants, trees, and shrubbery to Defendant Walnut Creek in 2014. Compl. ¶ 6. In 2018, Walnut Creek became delinquent in its payments, and Plaintiff refused to deliver further goods. *Id.* ¶ 8. In August of 2018, the parties executed a new promissory note in which Walnut Creek promised to pay Plaintiff $128,972.96, and Defendant Hackett, the president and owner of Walnut Creek, guaranteed Walnut Creek's performance. *Id.* ¶ 9.

After the note was executed, Defendant Walnut Creek failed to perform on its promised obligations, and Defendant Hackett failed to pay the outstanding amounts as guaranteed. *Id.* ¶ 11, 21. Plaintiff now alleges that, after applying all credits, payments, and offsets, Walnut Creek owes Plaintiff $80,825.49. *Id.* ¶ 12.

## DISCUSSION

Plaintiff served Defendant Walnut Creek on July 2, 2019. ECF 4. After an unsuccessful attempt to serve Defendant Hackett at home, Plaintiff now asks the Court for leave to serve Mr. Hackett by email, first class mail, and certified mail with a return receipt requested.

[Federal Rule of Civil Procedure 4(e)(1)](#) allows a party to serve an individual "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" [Fed. R. Civ. P. 4(e)(1)](#). In Oregon, individuals may be served in the following ways: (1) by personal service on the individual or an authorized agent; (2) by delivering copies of the summons and the complaint to the home of the individual and leaving it with a resident who is over fourteen years of age; (3) by

leaving a copy of the complaint and summons at the individual's office during normal working hours "with the person who is apparently in charge"; or (4) by mailing copies of the summons and complaint to the individual by first-class mail and certified, registered, or express mail, provided the defendant signs a receipt for the certified, registered, or express mail. Or. R. Civ. P. 7D(3)(a)(i). Additionally, when a party demonstrates "by affidavit or declaration that service cannot be made" by one of these specified methods, the Court, "at its discretion, may order service by any method or combination of methods that under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action[.]" Or. R. Civ. P. 7D(6)(a).

In support of this motion, Plaintiff's attorney submitted a declaration that includes: (1) documentation of a single recorded attempt by a process server to serve Mr. Hackett at his last known address, (2) confirmation that the post office continues to deliver Mr. Hackett's mail to this address; (3) an email from Mr. Hackett, sent from his company email address; and (4) a letter from an attorney briefly hired to represent Defendants in this matter. However, Plaintiff offers no evidence that it has attempted to serve Mr. Hackett by office service or by mail with a return receipt requested. *See Great Am. Ins. Co. v. Brillhard*, No. 08-cv-963-BR, 2009 WL 440203, at \*3 (D. Or. Feb. 20, 2009) (denying the plaintiff's motion for service by publication where it did not attempt to serve the defendant by certified, registered, or express mail); *Amica Mut. Ins. Co. v. Martinez*, 3:19-cv-00463-SB, 2019 WL 5063827 (D. Or. Oct. 9, 2019) (same). The Court also has concerns as to whether a single attempt to serve Mr. Hackett at his last known address, with no evidence that Mr. Hackett is evading service, is sufficient to demonstrate that substitute service cannot be made in this case.

The Court therefore finds that Plaintiff has failed to demonstrate that service on Mr. Hackett "cannot be made" by one of the specified methods. While Plaintiff may renew the motion after curing the noted deficiencies, the motion must be denied at this time.

## CONCLUSION

Plaintiff's motion for leave to serve by alternative methods [8] is denied with leave to renew.

IT IS SO ORDERED.

Dated this 8 day of Nov 2019.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge